725 F.2d 68
 George BERG and Anthony Berg, Plaintiffs-Appellants,
v.
BOARD OF TRUSTEES, LOCAL 705 INTERNATIONAL BROTHERHOOD OF
TEAMSTERS HEALTH AND WELFARE FUND and Louis Peick,
Administrator, Defendants-Appellees.
 No. 83-2081.
 United States Court of Appeals,
Seventh Circuit.
 Argued Nov. 2, 1983.
Decided Jan. 12, 1984.
 
 Anthony E. Young, Ltd., Chicago, Ill., for plaintiffs-appellants.
 Sheldon M. Charone, Carmell, Charone & Widmer, Ltd., Chicago, Ill., for defendants-appellees.
 Before PELL and COFFEY, Circuit Judges, and CAMPBELL, Senior District Judge.*
 PELL, Circuit Judge.
 
 
 1
 Plaintiffs sought benefits from Local 705 International Brotherhood of Teamsters Health and Welfare Fund (Fund) for injuries suffered by Anthony Berg. The administrator of the Fund denied the Bergs' application for benefits, and the Board of Trustees affirmed the denial after reviewing all of the pertinent evidence during a full hearing. The trustees granted plaintiffs a rehearing, but again denied benefits. Plaintiffs filed suit under the Employee Retirement Income Security Act (ERISA) Sec. 502, 29 U.S.C. Sec. 1132. The district court granted defendants' motion for summary judgment, and plaintiffs appeal.
 
 
 2
 I. Facts.
 
 
 3
 George Berg is a participant in Plan B of the Fund and the father of Anthony Berg, a minor. Anthony and a companion attempted to construct a "pipe bomb" by filling a copper pipe with gun powder and matches. The two youths planned on exploding the bomb in a forest preserve, but unfortunately the bomb exploded during construction and severely injured Anthony's left hand.
 
 
 4
 The administrator of the Plan turned down George Berg's application for benefits to cover Anthony's medical expenses after determining that the injuries were excluded by two separate provisions of Section 4.07 of the Plan. These provisions exclude from coverage services rendered (1) "As a result of an accidental bodily injury or sickness ... as a result of the commission of a felony," and (2) "In connection with any intentionally self-inflicted bodily injury." Based on police and hospital reports the administrator, and later the trustees, concluded that Anthony's injuries occurred during the commission of a felony and were intentionally self-inflicted.
 
 
 5
 II. Merits of the Case.
 
 
 6
 Plaintiffs do not challenge the trustees' factual findings, nor do they complain of the manner in which the hearings were held. Rather, plaintiffs challenge the trustees' conclusion that the undisputed facts fall within the scope of either exclusion. In reviewing this claim the district court correctly acknowledged that it may only determine whether the trustees' decision was arbitrary and capricious. Wardle v. Central States, Southeast and Southwest Areas Pension Fund, 627 F.2d 820, 824 (7th Cir.1980), cert. denied, 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); Reiherzer v. Shannon, 581 F.2d 1266, 1272 (7th Cir.1978). The district court found that neither the conclusion that the injuries occurred during the commission of a felony nor the conclusion that the injuries were intentionally self-inflicted was arbitrary and capricious.
 
 
 7
 Although we entertain some doubt as to whether it can be said that Anthony intentionally injured himself, we need not decide this issue. As the trustees' decision must be affirmed if either ground for denial of the benefits is supportable, we need only address the claim that the trustees' characterization of Anthony's actions as a felony was arbitrary and capricious. Plaintiffs do not claim that the unlicensed manufacture of explosives is not a felony under Illinois law, nor do they claim that Anthony possessed a license. Plaintiffs' sole claim is that the trustees cannot determine whether an act is a felony, but instead must wait until a claimant is convicted of a felony in an Illinois court before denying benefits under this exclusion. Apparently in recognition that Section 4.07 of the Plan does not require a conviction for a felony, but only "the commission of a felony," plaintiffs argue that the term "felony" itself requires a conviction in a competent court. We find no legal or logical support for this argument.
 
 
 8
 The term "felony" denotes an action that renders one liable to a certain amount of punishment. See Black's Law Dictionary 744 (4th ed. 1951). Illinois law defines a "felony" as "an offense for which a sentence to death or to a term of imprisonment for one year or more is provided." Ill.Rev.Stat. ch. 38 Sec. 1005-1-9 (1981). A "conviction," on the other hand, is defined as "a judgment of conviction or sentence entered upon a plea of guilty or upon a verdict of guilty of an offense, rendered by a legally constituted jury or by a court of competent jurisdiction authorized to try the case without a jury." Ill.Rev.Stat. ch. 38 Sec. 1005-1-5 (1981). Illinois does not define "felony" with any reference to whether there has been a "conviction." A "felony" occurs upon commission of the proscribed acts regardless of whether there later is a successful prosecution.
 
 
 9
 Plaintiffs' definition of "felony" derives no more support from logic than it does from the law. Under plaintiffs' analysis the trustees are powerless to deny benefits to one clearly not entitled to them simply because the state chooses not to prosecute. Contrary to plaintiffs' claim, the trustees are not usurping the state's power to punish felons by denying benefits; the trustees are simply protecting Plan assets from improper claims. The trustees should not be dependent upon the state's decision to prosecute to accomplish this goal. The illogic of plaintiffs' position is best illustrated by the situation in which a Plan participant is killed during the commission of a felony. As the state cannot prosecute a dead man, the trustees would be unable to deny benefits although the injuries were not covered by the Plan.
 
 
 10
 The trustees are empowered to determine whether a participant is entitled to benefits and this power includes the power to determine whether the injuries occurred during the course of a felony. Plaintiffs have not provided any basis for finding the trustees' exercise of this power in this case arbitraryand capricious, and we perceive none on our own review. Accordingly, the decision of the district court is AFFIRMED.
 
 
 
 *
 Senior District Judge William J. Campbell, Northern District of Illinois, is sitting by designation